1st Court of Appeals

Re: Edward R. Newsome T.D.C #437698

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAR 2 3 2015
CHRISTOPHER A. PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
MAR 23 2015
CHRISTOPHER A. PRINE
CLERK

COA # 01-14-00012-CV

Trial Cause # 1995-25994

Amended Motion to Appear At hearing on Fund Plea to Jurisdiction

To The Honorable Judge of Said Court; Local Rule Land 6 The Appellant Edward R. Newsome Argue and Request for permission to Appeal Against denying and dismissing claim for lack of Jurisdiction was Abuse of discretion See Motion to File for A Stay, Motion to Consolidate Appeals, Motion to extend time for Reconsideration in Rule 10.5(b) and Motion for Rehearing See Byrd vs Attorney General B 77 S.W. 2d 506 tex. App. Beaumont (1994) for Further Review in Motion For New trial Against fraud See Vernon Ann texas Rule Civ. Proc. Rule 166(a) and 306(c) with Tex. R. App. P. 54(c), Tex. R. App. P. 9.3 (a) and 38.6 (a) so as to permit extension of time from mistake and Pro se litigant for filing of transcript with Court of Appeals with Regard to Appeal of defendants Motion for Partial Summary Judgment, where First Motion was Filed before defendants Motion for Partial Summary Judgment had Been granted See Rule 53.1 (c) And Appeal and Error keg - 907 (3) Absent Any Statement of facts, Court of Appeals would Find that evidence

-1-

was adduced supporting the facts evidence trial court's dismissal of suit for lack of jurisdiction See APPEAL AND ERROR Key-554(1) Alleged even through no statement of facts was Filed Rule 20.1 Court of Appeals nevertheless would consider all question of law against Convict Key-6, if Pro Se Indigent inmate is required to be in Court, then provision must be made for my attendance, when inmate does not have Absolute Right to Present his case in a Civil matter, if merits can be determine without his presence and Trial Court is to use its discretion in determining whether Prisoner should be Allowed Appearance in Court in a Civil Case and Factor's to be consider include: Costs and Inconvenience of Transporting Prisoner to Court, Security Risk And Potential danger of Allowing Prisoner to Attend Open Court whether Prisoner's claims Are Substantial, whether determination of matter can reasonably be delayed until Prisoner is release from incarceration, whether Prisoner can and will offer Admissible, non cumulative testimony which could not be offered effectively by, deposition, telephone or otherwise, whether Prisoner's presence is important in Judging my demeanor and credibility compared with that of other witnesses, whether trial is to the Court or Jury, And Prisoner's probability of success on the merits, because

-2-

PRISONER CAN NOT be denied Access to Court because he is INCARCERATED, but my Right of Access does not unconditionally Give me Right to APPEAR PERSONALLY, TRIAL Court is Require to make INQUIRES As to NECESSITY of PERSONAL APPEARANCE would Foreclose PRISONER's Rights to be heard At All, And if PRO se Plaintiff INMATE IN civil Action is Not entitled to leave PRISON to APPEAR PERSONALLY IN Court, then PRISONER should be Allowed to Proceed By Affidavit, dePosition, telePhone or other effective mean. TRIAL Court Failure to Rule on PRO se Plaintiff INMATE <u>Motion to APPEAR At hEARING</u> <u>By WAY of Court ordered Bench WARRANT on PLEA</u> <u>to JURisdiction</u> Filed By <u>Crime Victims Fund</u> with Respect to INMATE's Claim For Compensation under <u>Crime</u> <u>Victims Compensation Act</u> Constituted Abuse of discretion And Require <u>Reversal of TRIAL Court</u> <u>decision dismissing INMATE Claim For lack of Jurisdiction</u> See VERNON ANN TEXAS CIV. ST. ART. 8309-1 See Rule 48.

5-12-2015          Rule 9.5               <u>Edward R Newsome,</u>
   DATE      Certificate of Service      APPellant Signature

The APPellant Edward R. Newsome, <u>verify the statement made In this</u> <u>Amended Affidavit of INAbility to Pay Court Costs And INITIAL</u> <u>Filing Fees without PrePayment of Fees to File Motion to</u> <u>APPEAR At hEARING on Fund Plea to Jurisdiction is true</u> <u>And Correct under the PENAltY of PerJury Sec 28 U.S. C 1746</u> <u>For Purpose of MailBox Rule 4(c) 1, 2, 3, (d) For the ORIGINAL And</u> Copies of Records IN <u>Rule 9.3 @ (A)(B)(C), 2, Rule 34.5 (c),</u> <u>Rule 34.6 (c)(4), Rule 38.6 (a), Rule 35.1 (a)(b)(c) And</u> <u>Rule 35.3 (b)(3) with Rule 37.3 (a) late Filing For</u> <u>Service IN Local Rule 10, 11, 12 @ And Benefits.</u> Edward R. Newsome
3-12-2015                                          APPellant Signature
   DATE                    -3-

#43769-98
Edward R. Newsome
Bill Clement Unit
Neal Site 591
Amarillo, TX 79107

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
MAR 2 3 2015
CHRISTOPHER A. PRINE
CLERK

Clerk Chrustopher A. Prine
1st Court of Appeals
301 Fannin Street Suite 245
Houston, Texas 77002

FOREVER USA

FOREVER USA